IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARTAVIOUS GATES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:23-cv-25 (MTT) |
| LACHAKA MCKENZIE, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Defendant Lachaka McKenzie has moved to dismiss plaintiff Martavious Gates' complaint for failure to state a claim and for failure to exhaust. Doc. 25. She moves in the alternative for summary judgment. *Id*. at 2. In an effort to afford Gates, who is proceeding *pro se*, adequate notice and time to respond to McKenzie's motion, the following notice is given. *Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985). If Gates wishes to respond, he must do so no later than **TWENTY-ONE DAYS from the receipt of this Order**.[1]

If Gates does not timely respond to the motion to dismiss, the Court may dismiss his claims against McKenzie. Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. However, if the defendant has alleged that the plaintiff's claims should be dismissed for failure to exhaust administrative remedies available through the GDC, "[t]he judge properly may consider facts outside of the

---

[1] The Clerk is **DIRECTED** to mail a copy of the motion to dismiss, its exhibits, and its supplement (Docs. 25; 25-1; 25-2; 25-3; 25-4; 27) to Gates at his last known address. Thereafter, all notices or other papers may be served on Gates directly by mail at his last known address.

pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias v. Fla. Dep't of Corr.*, 587 F. App'x 531, 535 (11th Cir. 2014) (citing *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008)).  If the plaintiff is responding to a motion to dismiss for failure to exhaust, this is his opportunity to "develop the record."  *Id*.  Thus, Gates may provide the Court with affidavits and/or other documents showing that he has, in fact, exhausted available administrative remedies.  Finally, Gates may submit his argument to this Court by filing a brief in opposition to McKenzie's motion to dismiss.  Unless the Court has granted prior permission, any brief should not exceed 20 pages.  M.D. Ga. L.R. 7.4.

The Court evaluates a motion to dismiss based on failure to state a claim using the following standard:

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To avoid dismissal pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (cleaned up). The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

As for summary judgment, if Gates does not timely respond to the motion with affidavits or documentary evidence contradicting the material facts asserted in the motion for summary judgment, the Court may accept the factual assertions in the motion as true. The following standard and rules govern a motion for summary judgment:

Under Federal Rule of Civil Procedure 56, summary judgment can be granted only if there are no genuine disputes as to any material fact and if the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party opposing a motion for summary judgment cannot simply rely on the pleadings. Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324. To establish that a genuine fact dispute exists, the party opposing summary judgment must respond by filing affidavits, depositions, or other materials to persuade the Court that

the case must be presented to a jury for resolution. Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324. Therefore, Rule 56 provides that you may NOT oppose summary judgment simply by relying on the allegations in your pleadings.

Local Rule 56 requires a motion for summary judgment to be accompanied by a separate document containing a short and concise statement of material facts in numbered paragraphs. Local Rule 56 also requires a party opposing a summary judgment motion to file a separate concise statement of material facts responding to the numbered paragraphs of the moving party's statement. The local rule further requires that the statements of material fact by both parties must include a reference to that part of the record that supports each statement.

**SO ORDERED**, this 26th day of July, 2024.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT